## Franklin Sugar Refining Co. v. J. P. Hollinger & Co.

*Practice—Suit on contract made by broker—Statement—When sufficiently concise—What must appear—Written or oral contracts—Technical terms—Broker's authority—Practice Act of May 14, 1915, sects. 5 and 9, P. L. 483.*

1. Where a plaintiff's claim is based upon contracts made by a broker acting on behalf of both parties, the statement must set forth whether the contracts were oral or in writing, and it is proper to set forth that the contracts with the broker were originally verbal, but were afterwards reduced to writing; but the statement need not set forth whether the authority by virtue of which the broker acted was oral or in writing.

2. In such case it is not necessary that the statement should specify the terms of the alleged authority given to the broker. It is sufficient to aver that he had authority and did make the contracts.

3. In such case it is not necessary that the statement should aver that "at the time of the making of the contracts here in suit, the demand for refined sugar was such that if the defendant had indicated to plaintiff any unwillingness to take the sugar covered thereby, plaintiff could have sold the same readily and immediately to others at the same or higher prices," and such paragraph in the statement should be stricken out.

4. What is a concise statement must necessarily depend largely upon the circumstances of each particular case. Where the facts are involved, more detail is necessary, and where the contracts are based on technical terms, it is not improper, though, perhaps, not wholly necessary, to set forth at some length explanations of the technical terms. Nor can the allegation that the defendant in the former dealings between him and the plaintiff knew the exact meaning in the trade of these terms, and also knew the meaning intended between the parties themselves, be seriously criticised.

Motion to strike off plaintiff's statement. C. P. Lancaster Co., March T., 1922, No. 6.

*K. L. Shirk* and *John A. Coyle,* for rule.

*Bernard J. Myers* and *Dickson, Beitler & McCouch,* contra.

LANDIS, P. J., Sept. 30, 1922.—On July 27, 1922, the plaintiff filed its statement in the above case, in which it alleged that it is a corporation of the State of Pennsylvania, engaged in the business of refining and selling sugar, having its principal office and place of business in the City of Philadelphia; and that the defendant is engaged in the wholesale grocery business and has his office and place of business in the City of Lancaster; that B. P. Miller & Co. was a merchandise broker, with offices in the City of Lancaster, and he was authorized by the defendant to make on his behalf certain contracts for the purchase of sugar, and was also authorized by the plaintiff to enter into the said con-

2 D. & C.

tracts; that, in pursuance of said authority from both the plaintiff and the defendant, the said broker made five contracts, in which are specifically set forth the sale by the plaintiff and the purchase by the defendant of certain quantities of sugar upon the terms and conditions stipulated therein; that, in pursuance of said authority, the said broker, on behalf of both parties, executed certain sales memoranda, evidencing the terms of the contracts, copies of which sales memoranda are attached to the statement; and that the broker delivered copies of the contracts to both parties, and these still remain in their possession, and that both parties approved and ratified his action in effecting the contracts. The contracts provided that, "in the event assortment is not furnished promptly, seller reserves the right to ship such grades as he has available at time of shipment." It is alleged that the plaintiff was at all times willing to perform the contracts according to the terms thereof; but that, on or about Feb. 23, 1921, the plaintiff received notice from the defendant that he repudiated them and would not receive any sugar thereunder. It is also alleged that, on that day, the fair market price of refined sugar was (basis) 7.35 cents per pound f. o. b. Philadelphia, for fine granulated sugar in .bags or barrels, and that the differentials for other grades or packages were not higher than those set forth in the statement; that the total quantity of sugar due defendant under all the contracts was 169,750 pounds; and the damages which the plaintiff is entitled to by reason of the defendant's breach of the contracts is 15.15 cents per pound, or $25,717.12. Certain explanations of technical terms contained in the contracts are set forth at some length in the statement, but we do not think it is necessary to give them further reference.

On Sept. 13, 1922, an amendment was filed to the statement. It was asked that, in lieu of paragraphs six and seven of the original statement, there should be inserted:

"6. Pursuant to said authority from defendant and plaintiff, broker, on or about the dates as follows, made and effected certain verbal contracts for the purchase by defendant and the sale by plaintiff of the following quantities of refined sugar upon the terms and conditions respectively set forth in Exhibits 1-15 hereof. . . .

"7. Pursuant to said authority, broker, on or about said respective dates, reduced the terms of said contracts to writing and made and executed on behalf of both plaintiff and defendant certain sales memoranda embodying and evidencing the terms of said contracts. True and correct copies of said sales memoranda are annexed hereto and made a part hereof, marked Exhibits Nos. 1-5, respectively."

These amendments were allowed by the court.

On Aug. 26, 1922, before the statement was amended, the defendant moved to strike it off. The reasons given were: 1. That it violated the Practice Act of 1915, in that it was not a concise statement. 2. That it did not contain only a concise and summary allegation of the material facts on which the plaintiff relied to establish its claim. 3. That it did not state whether the contracts were oral or in writing. 4. That it did not state whether the alleged authority mentioned in paragraph 4, given to the alleged broker, was oral or in writing. 5. The same objection is raised to paragraph 5. 6. That the terms of the alleged authority were not stated. 7. That it contained matters of evidence. 8. That it contained conclusions of law and inference.

We do not think there is any real merit in any of the objections raised, though, perhaps, some of the allegations might have been omitted without prejudice to the plaintiff's case.

Franklin Sugar Refining Co. *v.* J. P. Hollinger & Co.

The 5th section of the Act of May 14, 1915, P. L. 483, provides that "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences or conclusions of law; . . ." and the 9th section declares that "the statement of claim shall be as brief as the nature of the case will admit." What, then, is a concise statement of plaintiff's cause of action must necessarily depend largely upon the circumstances of each particular case. Where the facts are involved, more detail must be indulged in than where the writing or contract is simple and precise. It was, therefore, excusable in a case like this to explain more at length the grounds upon which the claim rested. As the contracts were based upon technical terms, it was not improper, though perhaps not wholly necessary, to set them forth in the manner in which they have been here presented. Nor can the allegations that the defendant in former dealings between him and the plaintiff knew the exact meaning in the trade of these terms, and also knew the meaning intended between the parties themselves, be seriously criticised, for they indicate the meaning of the parties in this transaction. It was, however, unnecessary, as we view the case, to aver, as in the 17th paragraph of the statement, that, "at the time of the making of the contracts here in suit, the demand for refined sugar was such that, if defendant had indicated to plaintiff any unwillingness to take the sugar covered thereby, plaintiff could have sold the same readily and immediately to others at the same or higher prices." What this has to do with the present action, we fail to see. This suit is based upon breach of contracts, and whether or not there was a breach, and, if so, what damages ensued by reason thereof, are the only points which arise in the case. But as no harm will be suffered by the defendant on this account, we do not think the statement ought to be stricken off, but that this paragraph should be eliminated, and we so direct.

Since the making of the motion to strike off the statement, the plaintiff has, as we have above stated, amended its statement by averring that the contracts of the broker were originally verbal, but were afterwards reduced to writing. This amendment meets the defects suggested in the third reason.

As to the fourth and fifth reasons, which complain that the statement does not say whether the authority given to the agent was oral or in writing, we are of opinion that this was not necessary. In the 9th section of the Practice Act it is said: "In actions on contracts, it shall state whether the *contract* was oral or in writing." It was, therefore, necessary, as the plaintiff's claim was based upon the contracts made by the broker on behalf of both parties, that the statement should contain these averments, and, as amended, it now does so. There is, however, no provision in the act which requires a plaintiff to set out in his statement whether the authority by virtue of which the agent makes the contract was oral or in writing. These are matters which can be presented on the trial. At this time, it makes no difference whether the instructions to the broker were oral or in writing.

Nor do we think it was necessary to specify the terms of the alleged authority given to the broker. It was sufficient to aver that he had authority and did make the contracts. If the plaintiff fails to prove authority, its case must necessarily fall. These are issues to be determined upon the trial.

The seventh and eighth reasons we think are without merit.

With the suggestion above made as to the 17th paragraph of the plaintiff's statement, the motion is now overruled. Motion overruled.

From George Ross Eshleman, Lancaster, Pa.